IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **H.C. PODY COMPANY,**<br><br>*Plaintiff,*<br><br>v.<br><br>**INTERNATIONAL FIDELITY INSURANCE COMPANY,**<br><br>*Defendant.* | **Case No. 2:25-cv-02789-JDW** |

### MEMORANDUM

Surety bonds provide protection, but they are not intended to offer a windfall. Like any contract, the words of a surety bond define the parties' obligations. And, like most surety bonds, the one that M3P Partners, LLC entered with International Fidelity Insurance Co. ("IFIC") to satisfy an obligation that M3P owed to H.C. Pody Co. assured Pody that it would get paid if a court held that M3P owed it money. But it didn't guarantee Pody a windfall. Pody tries to stretch the language of the surety bond beyond its agreed scope to claim hundreds of thousands of dollars that no court awarded it. The Bond doesn't require such a payment, so I will grant judgment on the pleadings to IFIC.

## I. BACKGROUND

### A. Factual History

#### 1. The construction project and mechanic's lien

From 2019 to 2021, M3P retained Pody as the general contractor for a construction project located at 427 Lancaster Avenue in Wayne, Pennsylvania. The project lasted nearly three years before M3P terminated Pody and engaged a new contractor. In April 2021, Pody filed two related actions arising from the termination. The first was a mechanic's lien claim against the property in the amount of $1,865,489, which is an *in rem* claim by a contractor seeking payment for labor or materials provided. The second was a civil complaint alleging breach of contract, equitable claims, and violations of Pennsylvania's Contractor and Subcontractor Payment Act. The lien encumbered the property, preventing M3P from selling or refinancing it.

#### 2. The discharge bond and judgment in the lien action

In September 2021, M3P sought to discharge the mechanic's lien pursuant to 49 P.S. § 1510(d), a provision of Pennsylvania's Mechanics' Lien Law that allows the discharge of a lien upon the filing of a bond. M3P and Pody stipulated to substitute the lien with a bond that IFIC issued, with a limit of $2,052,037. Under the Bond, M3P, as principal, and IFIC, as surety, are jointly and severally bound to Pody, as obligee, for up to that amount. The Bond identifies the underlying lien as the construction lien that Pody filed on April 28, 2021, in the amount of $1,865,489, against property that M3P owned or leased at 427

Lancaster Avenue in Wayne. It further provides that if M3P, its successors, or assigns, satisfy any judgment enforcing the lien, up to $2,052,037, the obligation is void; otherwise, it remains in full force and effect. The court in the lien action approved the stipulation, allowing M3P to obtain clear title to sell condominium units and raise financing.

In the Spring of 2022, Pody and M3P agreed to arbitrate the civil action. On April 4, 2024, the arbitration panel determined that M3P had breached the contract when it terminated Pody. The panel concluded that M3P wrongfully withheld $1,450,061.01 and awarded additional damages. When Pody attempted to collect the award, it learned that M3P was insolvent.

On April 24, 2025, the Court Of Common Pleas entered judgment in the lien action in favor of Pody for $1,450,061.01. M3P could not satisfy the judgment. The following day, Pody sent IFIC a demand letter seeking payment of the judgment, asserting that IFIC, as surety, was liable for the amount owed. According to Pody, IFIC "refused to deny or accept Pody's claim and clarify whether it would make payment." (ECF No. 10 at 7.)

**B. Procedural History**

On May 30, 2025, Pody filed this case alleging that IFIC failed to satisfy the lien judgment. In its Complaint, Pody asserted that IFIC breached its obligations under the Bond and caused Pody to suffer damages "in an amount in excess of $1,450,000." (ECF No. 1 at 4.) On June 27, 2025, IFIC paid Pody $1,450,061.01, the full amount of the lien judgment and exactly the sum demanded in Pody's letter.

3

Following that payment, Pody expanded its claim. On July 11, 2025, Pody filed an Amended Complaint asserting that, under the plain language of the Bond, IFIC remains obligated to pay the face value of the Bond less the amount previously paid—an additional $601,975.99. On October 3, 2025, the Parties filed cross-motions for judgment on the pleadings. These motions are ripe for disposition.

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court can grant a Rule 12(c) motion "if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law." *Fed Cetera, LLC v. Nat'l Credit Servs., Inc.*, 938 F.3d 466, 470 n.7 (3d Cir. 2019) (quotation omitted). A Rule 12(c) motion "is analyzed under the same standards that apply to a Rule 12(b)(6) motion[,]" construing all allegations and inferences in the light most favorable to the nonmoving party. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (quotation omitted).

## III. ANALYSIS

At its core, this case is about the scope of IFIC's obligation under the Bond. Because the case arises under diversity jurisdiction, Pennsylvania law governs. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Under Pennsylvania law, a surety bond is a contract, and the bond's language determines the surety's rights and obligations. *Beckwith Machinery Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 890 A.2d 403, 406 (Pa. Super. Ct. 2005). The

object of interpretation is to determine the parties' intent, as gathered from all words and clauses used and taken as a whole, with due regard to surrounding circumstances. *Myers v. Eckerson*, 136 A. 785, 787 (Pa. 1927). "In construing a contract, the agreement must be interpreted as a whole, and the words given their ordinary meaning." *Pines Plaza Bowling, Inc. v. Rossview, Inc.*, 145 A.2d 672, 676 (Pa. 1958). Where the language of a bond "is clear and unambiguous, a court is required to give effect to that language." *Standard Venetian Blind Co. v. Am. Empire Ins. Co.*, 469 A.2d 563, 566 (Pa.1983). The surety's obligations, thus, "cannot be extended beyond the plain import of the words used." *Miller v. Commercial Elec. Constr., Inc.*, 297 A.2d 487, 488 (Pa. Super. Ct. 1982).

In this case, the Bond's opening paragraph states that M3P and IFIC are "held and firmly bound unto [Pody] as Obligee" for $2,052,037. On its face, this language might suggest an unconditional obligation. But the first paragraph cannot be read in isolation. The recitals following the opening paragraph reference the underlying lien claim, including the amount, filing date, court, and property, directly linking IFIC's obligation to that claim and any judgment that may result. The condition clause, beginning with "NOW THEREFORE," further clarifies that the Bond becomes void if M3P satisfies any judgment enforcing the lien, not exceeding $2,052,037. Together, these provisions make clear that IFIC's obligation is measured against the judgment itself, with $2,052,037 serving only as a ceiling on liability. The Bond does not promise payment of the full amount irrespective

of the judgment, and any interpretation suggesting otherwise would read the limiting language out of the contract.

The Mechanics' Lien law reinforces this interpretation of the Bond. The law allows a property owner to discharge a lien by posting cash or a bond equal to the "amount finally determined to be due." 49 P.S. § 1510(a)–(b). Once posted, the bond replaces the property as security. Any excess after a judgment has been determined in the lien action belongs to the property owner or surety, not the claimant. *See* 49 P.S. § 1510(c); *Miller v. O'Brien Constr., Inc.*, 2020 WL 708986, at *2 (M.D. Pa. Feb. 12, 2020). This reading gives full effect to the plain text of the Bond and aligns with Pennsylvania law.

Pody's reading ignores the Bond's clear limiting language and would nullify the very clauses that define IFIC's obligation. Pennsylvania law does not permit that result. *Pritchard v. Wick*, 178 A.2d 725, 727 (Pa. 1962); *Miller v. Commercial Elec. Constr., Inc.*, 297 A.2d 487, 488 (Pa. Super. Ct. 1982). More fundamentally, Pody's reading would force a surety to pay the full bond amount even when the principal owes almost nothing. This outcome would create an unwarranted windfall for Pody. Pennsylvania law likewise forecloses that result, as a surety's liability cannot exceed its principal's. *McShain v. Indemnity Ins. Co. of Am.*, 12 A.2d 59, 61 (Pa. 1940).

To the extent Pody relies on cases interpreting surety bonds "strictly in favor of ...the obligee," that rule applies only when the contract is reasonably susceptible to more than one interpretation. *Poole v. Great Am. Ins. Co.*, 182 A.2d 509, 510 (Pa. 1962). The

6

Bond in this case is not. Nor did *Poole* suggest that a surety must pay the full sum of a bond regardless of the underlying judgment. Thus, there is no basis to construe the Bond in Pody's favor.

## IV. CONCLUSION

Pody's interpretation ignores the Bond's plain text and would improperly expand IFIC's obligations. Because IFIC satisfied its obligation when it paid $1,450,061.01, I will deny Pody's motion for judgment on the pleadings and grant IFIC's. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

November 10, 2025